IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBY J. MOTTON, SR., | ) | |
| | ) | |
| Petitioner, | ) | 4:07cv3049 |
| | ) | |
| vs. | ) | ORDER to SHOW CAUSE |
| | ) | |
| MICHAEL THURBER, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by Bobby J. Motton, Sr., and the Answer filed by the respondent, Michael Thurber. The petitioner alleges violations of his constitutional rights in connection with an order of civil contempt rendered by the Lancaster County District Court. The petitioner states that he has been committed to the custody of the Lancaster County Department of Corrections until he purges himself of an arrearage in child support.

The respondent states that the petitioner is scheduled to be released from custody on April 20, 2007. However, it is not clear from the respondent's Answer that the petitioner will not again face confinement in the child support matters. More important, for purposes of the above-entitled habeas corpus case, the respondent asserts that the petitioner has failed to exhaust his claims in the state appellate courts of Nebraska.

**Exhaustion**

It is a cardinal principle of federal habeas corpus law that § 2254 claims must have been fairly presented to, i.e., exhausted in, the state district and appellate courts before such claims reach a federal district court in a habeas petition. 28 U.S.C. § 2254(b) states:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'... To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and some internal quotation marks omitted).

The respondent notes that the Nebraska Court of Appeals has dismissed two of the petitioner's appeals, and two more appeals are pending.  No cases have reached the Nebraska Supreme Court.  However, to exhaust the petitioner's claims in order to bring them in this court, state law indicates that the appropriate procedure is to proceed by writ of habeas corpus in the state district and appellate courts.  An order of civil contempt is interlocutory, rather than final, as the sentence is coercive in nature and may be mitigated at any time by compliance with the court's order.  See, e.g., Smeal Fire Apparatus Co. v. Kreikemeier, 690 N.W.2d 175, 179 (Neb. App. 2004):

> In determining whether contempt orders are appealable, the Nebraska Supreme Court and the Nebraska Court of Appeals have made a distinction between civil, or coercive, sanctions and punitive sanctions. Maddux v.

Maddux, 239 Neb. 239, 475 N.W.2d 524 (1991); Hammond v. Hammond, 3 Neb. App. 536, 529 N.W.2d 542 (1995). When a coercive sanction is imposed, " 'the contemner holds the keys to his jail cell, in that the sentence is conditioned upon his continued noncompliance.' "  Maddux v. Maddux, 239 Neb. at 241, 475 N.W.2d at 528, *quoting* In re Contempt of Liles, 216 Neb. 531, 344 N.W.2d 626 (1984). An order imposing a coercive sanction in a civil contempt proceeding is "'always subject to modification by the contemner's conduct'" and thus is not a final, appealable order.

On the other hand, "the coercive sanction can ... be attacked collaterally by habeas corpus." Smeal Fire Apparatus Co. v. Kreikemeier, 690 N.W.2d at 179. Accord Allen v. Sheriff of Lancaster County, 511 N.W.2d 125 (Neb. 1994). In Allen v. Sheriff of Lancaster County, a divorced spouse, jailed for civil contempt after failing to pay a debt which he had been ordered to pay in a dissolution decree, sought a writ of habeas corpus in Lancaster County District Court. The district court denied the writ, and the Nebraska Court of Appeals affirmed. However, the Nebraska Supreme Court, on further review, reversed and remanded, as the writ should have been granted for the following reasons: (a) As the sanction for the petitioner's contempt was coercive, his only remedy was to attack it collaterally by habeas corpus. (b) The petitioner's state habeas action did not become moot by his release. (c) In light of the potential loss of liberty for the petitioner, the district court erred in refusing to appoint counsel in the contempt proceeding. (d) The amount the petitioner had to pay to purge himself of the contempt exceeded his ability to pay, considering his financial condition and lack of assets, and was therefore unreasonable. Thus, an available means exists by which the petitioner may exhaust his federal claims before asserting them in this court.

3

THEREFORE, IT IS ORDERED:

1. That by May 9, 2007, the petitioner shall show cause in writing why this case should not be dismissed for failure to exhaust judicial remedies before filing his § 2254 petition in this court;

2. That the petitioner is hereby notified that, in the absence of a timely and sufficient showing of cause, the above-entitled action will be subject, without further notice, to dismissal; and

3. That any such dismissal, with or without a showing of cause, would be without prejudice to reassertion of a new § 2254 petition once exhaustion of state-court remedies has been completed.

DATED this 16th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge