IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBY J. MOTTON, SR., | ) | |
| | ) | |
| Petitioner, | ) | 4:07cv3049 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MICHAEL THURBER, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by Bobby J. Motton, Sr., and the Answer filed by the respondent, Michael Thurber. The petitioner alleges violations of his constitutional rights in connection with an order of civil contempt rendered by the Lancaster County District Court. The petitioner states that he has been committed to the custody of the Lancaster County Department of Corrections until he purges himself of an arrearage in child support.

The respondent states that the petitioner has failed to exhaust his claims in the state appellate courts of Nebraska. Therefore, this court issued an Order to Show Cause (Filing No. 15) directing the petitioner to show cause why the § 2254 petition should not be dismissed, without prejudice, for the petitioner's failure to exhaust his judicial remedies in the state district and appellate courts of Nebraska. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'... To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court

(including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and some internal quotation marks omitted).

The petitioner has filed a Response (Filing No. 18) to the Order to Show Cause. In his Response, the petitioner states that he does not have a law degree, but that he has come this far own his own, despite a lack of legal representation. The petitioner emphasizes that he has tried to make the state and federal courts aware of the unfairness of the "purge plan" imposed upon him by the Lancaster County District Court. He acknowledges that he has an appeal pending before the Nebraska Supreme Court.

As this court explained in the Order to Show Cause (Filing No. 15), a Petition for Writ of Habeas Corpus should not be filed in this court until after the state courts have had a chance to review the very same federal constitutional claims that the petitioner wishes to raise in this court. That prior state review is called "exhaustion of state court remedies." As explained in Filing No. 15, the proper procedure to exhaust claims relating to a contempt order for failure to purge a child support arrearage is to proceed by petition for writ of habeas corpus in the state district and appellate courts. An order of civil contempt is interlocutory, rather than final, as the sentence is coercive in nature and may be mitigated at any time by compliance with the court's order. See, e.g., Smeal Fire Apparatus Co. v. Kreikemeier, 690 N.W.2d 175, 179 (Neb. App. 2004):

> In determining whether contempt orders are appealable, the Nebraska Supreme Court and the Nebraska Court of Appeals have made a distinction between civil, or coercive, sanctions and punitive sanctions. Maddux v. Maddux, 239 Neb. 239, 475 N.W.2d 524 (1991); Hammond v. Hammond, 3 Neb. App. 536, 529 N.W.2d 542 (1995). When a coercive sanction is imposed, " 'the contemner holds the keys to his jail cell, in that the sentence is conditioned upon his continued noncompliance.' " Maddux v. Maddux,

2

239 Neb. at 241, 475 N.W.2d at 528, *quoting* In re Contempt of Liles, 216 Neb. 531, 344 N.W.2d 626 (1984).  An order imposing a coercive sanction in a civil contempt proceeding is "'always subject to modification by the contemner's conduct'" and thus is not a final, appealable order.

Therefore, a direct appeal will often be dismissed.  On the other hand, "the coercive sanction can ... be attacked collaterally by habeas corpus."  Smeal Fire Apparatus Co. v. Kreikemeier, 690 N.W.2d at 179.  Accord Allen v. Sheriff of Lancaster County, 511 N.W.2d 125 (Neb. 1994).   Thus, an available means exists by which the petitioner may exhaust his federal claims before asserting them in this court.  He must do so before he can proceed by habeas corpus in this court.

THEREFORE, IT IS ORDERED:

1.	That the § 2254 petition filed by Bobby J. Motton, Sr. and the above-entitled action are dismissed without prejudice, for lack of exhaustion of remedies, 28 U.S.C. § 2254(b)(1); and

2.	That judgment will be entered accordingly.

DATED this 7th day of May, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge